UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
24-CR-118 (JRT/LIB)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S** |
| v. | ) | **APPEAL FROM THE ORDER** |
| | ) | **REQUIRING A** |
| Jennifer Marie Stately, | ) | **B.O.P. EVALUATION** |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * *

    The defendant, Jennifer Marie Stately, through and by her attorney, Paul Engh and in accordance with 28 U.S.C. 636 and Local Rule 72.2(b)(1), hereby appeals, in part, the Order of Magistrate Judge Leo I. Brisbois, granting the Government's request authorizing her psychiatric or examination to take place at a Bureau of Prisons facility, likely located in North Carolina, and denying Ms. Stately's request for the examination to take place at a local facility or at the Sherburne County Adult Detention Center, in Elk River.

    Our grounds are these:

    1.  In response to Ms. Stately's Rule 12.2(a), Fed.R.Crim.P. Notice of the insanity defense, Docket Entry 56, the Government requested its own examination,

1

to occur at a "suitable facility."   Docket Entry 58.   The defense does not oppose such an examination, which is authorized by 18 U.S.C. 4242(a) and (b); Order at p. 1.   By Rule, the examination is to occur "under procedures ordered by the Court."   Rule 12.3(b), Fed.R.Crim.P.   By statute, that it is to "be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner."   18 U.S.C. 4247.

  2.   Also as noted in the Magistrate Judge's Order, the Court "may," though is not required to, "commit the person to be examined for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement at a suitable facility."   18 U.S.C. 4247(b).   The Magistrate Judge's Order omits mention, though, of the legislative mandate that "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court."   Id.   In discussions with the Government's counsel, the probable location for Ms. Stately's BOP examination is FMC Butner, in North Carolina, hardly close by.

  3.   In <u>United States v. Neal</u>, 679 F.3d 737 (8th Cir. 2012), our Circuit reversed a District Court order that required the defendant to undergo an inpatient B.O.P. competency evaluation.   As here, the evaluation was not contested, only the necessity of its location.   <u>Id</u>. at 739.   The District Court had granted the

Government's request for a B.O.P. facility without a hearing. The defendant filed an interlocutory appeal. Id. And won.

Neal is instructive. In granting the Government's placement request, the Court's discretion was not "unfettered," Id. at 740. There has to be a finding, consistent with due process requirements, that the defendant's confinement at a B.O.P. facility be "reasonably necessary." Id. at 741. If the Court "believes that the defendant's examination can be conducted on an outpatient basis, there need not be a commitment under this provision." Id. (quoting S.Rep. No. 225, 98th Cong. 2d Sess. 235, reprinted in 1984 U.S. Code Cong. & Ad News 3417); Order at p. 3.

On the merits, the Government "offered no evidence which would require Neal's competency evaluation to be conducted pursuant to a custodial commitment at BOP facility, rather than on an outpatient basis." Id. at 741. Nor did the District Court "seriously consider the defendant's alternative request for an outpatient evaluation, or make findings of fact concerning the need for commitment." Id. at 742. What must be taken into account, and which was not in Neal, is "the availability and competency of experts in the vicinity of the court." Id. at 741 (quoting In re Newchurch, 807 F.2d 404, 411 (5th Cir. 1986)).

4. The Magistrate Judge narrowly ruled Ms. Stately's motion for a local

3

evaluation was not a request for "an outpatient evaluation." Order at p. 3. We disagree. We didn't ask for an evaluation, as the Order suggests, "at a location of her choosing." Id. What we requested was an evaluation at the Sherburne County jail, where she is incarcerated and not by choice. Docket Entry 59, at p. 3. Or an examination "in the nearest suitable facility." In re Newchurch, 807 F.2d at 411. We used the word "locally" to describe our preference. Docket Entry 59 at p. 1.

5. The Magistrate Judge instead ordered the B.O.P. evaluation to not exceed forty-five (45) days, with leave for the director of that Federal Medical Center to apply for a reasonable extension of time not to exceed thirty (30) days pursuant to 18 U.S.C. 4247(b)." Order at p. 4. No reference is made to the time incurred for Ms. Stately's transport, from Elk River to Reno, Oklahoma, to North Carolina and back again. Nor mention that Title 18 U.S.C. 4247 "does not require a defendant to undergo such a confinement as the price of entering a plea of insanity." In re Newchurch, 407 F.2d at 411.

6. The required examination could easily be conducted in Minnesota, where dozens of qualified psychiatrists and psychologists would be willing to interview Ms. Stately, and render an opinion. She can be interviewed at the jail. The defense expert did that. So can the Government's expert.

4

Dated: December 23, 2024             Respectfully submitted,

*/s/ Paul Engh*

Paul Engh - Atty #134685
Suite 2860
150 South Fifth Street
Minneapolis, MN 55402
612.252.1100
engh4@aol.com

Counsel for Ms. Stately