UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                        Plaintiff,

v.

JENNIFER MARIE STATELY,

                        Defendant.

Criminal No. 24-118 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER ON COMPETENCY EVALUATION**

---

Garrett S. Fields and Rachel Lynn Kraker, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Paul C. Engh, 150 South Fifth Street, Suite 2860, Minneapolis, MN 55402, for Defendant.

Defendant Jennifer Marie Stately appeals the decision of Magistrate Judge Leo I. Brisbois to commit her to the custody of the Bureau of Prisons and undergo an evaluation that may occur out of state. Because the Magistrate Judge's order was not clearly erroneous, the Court will overrule the Appeal/Objection and affirm.

## BACKGROUND

A federal grand jury indicted Stately on various counts of murder, arson, and child neglect. (Indictment, May 1, 2024, Docket No. 9.) Because Stately intended to rely on a theory of not guilty by insanity, the United States moved for a psychiatric examination of Stately. (Not. Insanity Defense, Dec. 5, 2024, Docket No. 56; Mot. Psychiatric Exam, Dec.

9, 2024, Docket No. 58.)  The Magistrate Judge granted the United States's motion, initially committing Stately to the custody of the Attorney General for placement in a suitable Federal Medical Center.  (Order at 4, Dec. 18, 2024, Docket No. 61.)  Stately appealed the Magistrate Judge's order to the Court, arguing that the Magistrate Judge acted contrary to the law in not directing her psychiatric evaluation to occur at or near her current place of confinement in Minnesota.  (Def.'s 1st Appeal/Obj., Dec. 23, 2024, Docket No. 62.)

Then, at the request of the United States, the Magistrate Judge amended the order to commit Stately to the custody of the Bureau of Prisons ("BOP"), in effect allowing the psychiatric examination to take place outside of a Federal Medical Center.  (Am. Order, Dec. 30, 2024, Docket No. 63.)  Stately appealed the amended order to the Court, restating her argument that the Magistrate Judge acted contrary to the law.  (Def.'s 2nd Appeal/Obj., Jan. 2, 2025, Docket No. 64.)

## DISCUSSION

### I.  STANDARD OF REVIEW

The Court may designate a magistrate judge to handle certain pretrial matters, including a pretrial order authorizing the psychiatric evaluation of a defendant.  *See* 28 U.S.C. § 636(b)(1) (listing exceptions to the general rule).  The Court reviews the decision to grant a competency evaluation for clear error.  *See* D. Minn. LR 72.2(a)(3); *but cf. United States v. Wilson*, No. 17-89, 2018 WL 2135017, at *6 (D. Minn. May 9, 2018) (reviewing de novo the decision of whether the defendant was competent to stand trial).

**II.    ANALYSIS**

When a defendant notifies the Court that it intends to rely on the defense of insanity, the Court "shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court."  18 U.S.C. § 4242(a).  To conduct the evaluation, the Court "may commit the person to be examined for a reasonable period, . . . but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility."  *Id.* § 4247(b).  The statute directs that the psychiatric or psychological examination be conducted "in the suitable facility closest to the court," unless it is "impracticable."  *Id.*  The Court, in turn, shall grant a hearing on the competency evaluation if it finds "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent."  *Id.* § 4241(a).

The Parties agree that a competency evaluation is appropriate.  However, Stately contests the location of that evaluation.  The Magistrate Judge's order does not specify a location for Stately's evaluation; instead, it merely commits her to the custody of the BOP at an "appropriate facility" for up to 45 days.  (Am. Order at 1.)  Still, Stately suggests based on informal conversations with opposing counsel that the BOP's original facility of choice was "likely located in North Carolina."  (Def.'s 1st Appeal/Obj. at 1–2.)[1]  In post-

---

[1] The Magistrate Judge's amended order renders Stately's initial appeal moot.  However, the Court cites to the initial appeal because the second appeal incorporates its arguments by reference.

briefing conversations with the Court, parties now suggest the intended location for Stately's evaluation is in Los Angeles. Instead of either of those locations, Stately requests she be examined at the Sherburne County Jail where she is detained or some other facility local to Minnesota. Stately argues that Minnesota has "dozens of qualified psychiatrists and psychologists" who would be willing to interview her, as proven by her prior evaluation at her current detention facility with the defense expert. (*Id.* at 4.)

The Magistrate Judge's order was not clearly erroneous or contrary to the law. A defendant requesting a competency evaluation is not entitled to determine the location of that evaluation, especially when, as here, it is far from clear that her current detention center would be a "suitable facility" for the type of long-term psychological evaluation that the competency statute requires. *See* 18 U.S.C. § 4247(a)(2) (defining suitable facility as "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant"). The Court will therefore overrule Stately's Appeal/Objection and affirm the amended order of the Magistrate Judge.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Appeal/Objection of the Magistrate Judge Decision [Docket No. 62] is **DENIED** as moot;

2. Defendant's Appeal/Objection of the Magistrate Judge Decision [Docket No. 64] is **DENIED**; and

3. The Amended Order of the Magistrate Judge [Docket No. 63] is **AFFIRMED**.

DATED: January 31, 2025  
at Minneapolis, Minnesota.

*John R. Tunheim*  
JOHN R. TUNHEIM  
United States District Judge