UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-118 (JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JENNIFER MARIE STATELY,<br><br>    Defendant. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION** |

The United States of America, by and through its attorneys Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Rachel L. Kraker and Garrett Fields, Assistant United States Attorneys, hereby submits its Response to the Objection filed by Defendant Jennifer Stately (ECF No. 74) to the Report and Recommendation ("R&R") (ECF No. 73).

In the Report and Recommendation Magistrate Judge Brisbois found the stop of Jennifer Stately's car and her subsequent arrest to be lawful. The court further found the seizure of Stately's vehicle to be supported by probable cause and the inventory search associated with the seizure permitted under the law. Finally, after s four-corners review of the warrants in this case, the court held the warrants were valid. Defendant Jennifer Stately asks the District Court to set aside the R&R but fails to identify deficiencies in Judge Brisbois' reasoning warranting such action.

The District Court should reject the arguments set forth in the Objection as they have already been considered and rejected by Magistrate Judge Brisbois in a well-reasoned

1

R&R supported by Eighth Circuit law. For the reasons set forth below, and for the reasons stated in the government's prior briefing (ECF No. 60), incorporated here by reference, this Court should overrule Ms. Stately's Objection and adopt the R&R in its entirety.

I.   **Standard of Review**

In reviewing a party's objections to an R&R, the District Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* Local Rule 72.2. However, where the defendant has not identified any specific objections to the reasoning or conclusions in the R&R the Court should review the R&R for clear error. *United States v. Diallo*, No. 20-cr-233(9) (JRT/DTS), 2023 WL 3815695, at *3 (D. Minn. June 5, 2023) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review but rather are reviewed for clear error."). *But see*, *United States v. Danielson*, No. 22-CR-299 (MJD/LIB), 2023 WL 5288049, at *1 (D. Minn. Aug. 17, 2023) (noting judges in this District are divided as to whether clear error should apply as the Eighth Circuit has not considered the issue); *United States v. Chopra*, No. 19-CR-305 (NEB/BRT), 2021 WL 347415, at *1 (D. Minn. Feb. 2, 2021) ("err[ing] on the side of caution" and reviewing the R&R de novo, finding under either standard the defendant's motion to suppress failed). Regardless of the standard of review applied by this court – de novo or clear error - Defendant's arguments fail.

**II. Argument**

Ms. Stately filed a 13-page Objection to the R&R (ECF No. 74) which, save a reorganization of the arguments related to the admissibility of Ms. Stately's statements and the legitimacy of the warrants, is a nearly verbatim copy of the arguments set forth in her memorandum in support of her motion to suppress. (ECF No. 55). These arguments were already thoughtfully considered and rejected by Judge Brisbois. Ms. Stately's objections to the court's findings fall into three distinct categories: the stop and seizure of both Ms. Stately's vehicle and her person, the admissibility of her pre-*Miranda* statements, and the validity of the warrants issued by the court.

**A. Stop and Seizure**

The stop of Ms. Stately's vehicle, her arrest, and seizure of the vehicle were all lawful actions taken by law enforcement on March 15, 2024. Ms. Stately's repeated assertion that an AMBER Alert would not provide reasonable suspicion for the stop of a vehicle matching the description and bearing the license plate number of the vehicle described in the Alert defies reason, common-sense, and well-settled law. Judge Brisbois found that "when law enforcement officers spotted the vehicle clearly described in the 'Amber Alert' as being connected to an <u>ongoing</u> child abduction, as well as a double homicide, they necessarily had the requisite reasonable suspicion that criminal activity was afoot to support the traffic stop." (ECF 73 at 20).

The subsequent arrest of Ms. Stately is similarly well-supported by the facts and the law. Ms. Stately was actively transporting a child who was the subject of a reported abduction which was linked to the homicide of two other children. *Id*. at 15. The child

3

appeared to be in physical distress with swelling and redness on his face and legs and what appeared to be blood on his shirt. *Id.* The court highlighted the fact that probable cause requires "only a probability or substantial chance of criminal activity" when finding that the totality of the facts pointed to a sound determination of probable cause to believe Ms. Stately had committed child abuse and neglect-related crimes, and possibly homicide. *Id*. at 21. Ms. Stately's arrest was lawful.

Finally, the court found it was lawful to seize the vehicle used in this suspected child abduction which potentially contained evidence from the homicide scene from which it fled and further found the inventory search associated with the seizure was supported by law. *Id*. at ft. 19.

### B. Statements

The court correctly concluded Ms. Stately's statements made while in the back of Deputy Winkel's squad and at the Long Prairie police station were not the product of an unlawful interrogation and are admissible at trial. In her Objection to the R&R, Ms. Stately restates her claim that Officer Larson's question, "What happened tonight," somehow set off a continuous chain of coordinated interrogation between officers from three separate agencies who had no idea what interactions each of them had with Ms. Stately. (ECF 74 at 8-9). Judge Brisbois evaluated this claim and provided ample support for rejecting it. The court found no evidence to suggest law enforcement attempted tag-team speaking with Ms. Stately to subvert *Miranda*. (ECF 73 at 23). The court further relied upon Gov. Ex. 1 and 2 (Squad Video and Body Worn Camera capturing Ms. Stately's statements) to conclude that Ms. Stately's statements to Officer Vail and Deputy Winkels were spontaneous in

nature and not subject to *Miranda*. *Id.* The evidence in the record and applicable caselaw support the court's finding. The District Court should adopt the finding that Ms. Stately's challenged statements are not constitutionally barred from admission at trial.

### C. Warrants

The Court found that the warrants for the Chevy Equinox, the cell phones, Defendant's Facebook account, and the cell tower data were all supported by probable cause, and, where there was a colorable argument that probable cause was lacking, that the good faith exception established in *United States v. Leon* would cure any impediment and preserve the government's right to admit evidence at trial seized based on each warrant. (ECF 73 at 24-34). The court conducted a painstaking analysis as to the facts supporting each warrant application and in doing so found a nexus between the crimes alleged and the places to be searched. Nexus is "determined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence" in the place or thing to be searched. *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016) (citation omitted). A specific recitation of the nexus between the crime and each place or thing to be searched is not required. Instead, "[j]udges are entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Petruk*, 929 F.3d 952, 961 (8th Cir. 2019) (citation omitted); see also United States v. Randle, 39 F.4th 533, 536-37 (8th Cir. 2022). Judges "may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant." *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir. 2000). When reviewing a warrant for the existence of probable cause, "[t]he affidavit is judged on the adequacy of

what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Daigle,* 947 F.3d 1076, 1081 (8th Cir. 2020) (quoting *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000)). Magistrate Judge Brisbois drew reasonable inferences from the facts set forth in the warrant applications that evidence relating to the offenses of murder, arson, and child neglect could be found in Defendant's vehicle, her abandoned cell phone, her Facebook account which was used as a means of communication, and from the cell phone tower data near her Red Lake home. The District Court is well-guided by Judge Brisbois' thoughtful analysis and should adopt the recommendation to affirm the validity of the warrants in this case.

### III.  CONCLUSION

Ms. Stately's Objection amounts to a general disagreement with the R&R. Defendant merely reasserts the arguments already presented to and rejected by Magistrate Judge Brisbois.  For this reason, the Government asserts that the opinion should be reviewed for clear error and, since no clear error exists, the R&R should be affirmed and adopted. However, even if this Court determines a de novo review is warranted, the sound logic and well-supported reasoning of the R&R should stand. For the reasons set forth in the Government's previous briefing (ECF No. 60) and the R&R (ECF No. 73), the Court

should adopt the R&R it its entirety and deny Defendant's motions to suppress.

Dated: September 4, 2025                                Respectfully Submitted,

                                                        JOSEPH H. THOMPSON
                                                        Acting United States Attorney

                                                        *s/ Rachel Kraker*

                                                        RACHEL KRAKER
                                                        GARRETT FIELDS
                                                        Assistant U.S. Attorneys

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 72.2(c)(3), the undersigned hereby certifies that the foregoing Response to Defendant's Objection to the R&R was prepared in size 13-point Times New Roman proportional font and contains 1544 words, as calculated by the word count feature of Microsoft Word 365.

*s/ Rachel L. Kraker*

RACHEL L. KRAKER
Assistant U.S. Attorney