UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-118 (JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |
| JENNIFER MARIE STATELY, | ) ) |
| Defendant. | ) |

The United States of America, by and through its attorneys Daniel N. Rosen, United States Attorney for the District of Minnesota, and Rachel L. Kraker and Garrett Fields, Assistant United States Attorneys, hereby submits its Response to Defendant's Motion to Dismiss (ECF No. 81). For the reasons set forth below, this Court should deny the motion and the matter should proceed to trial as scheduled.

Ms. Stately argues the indictment in the instant case should be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(A)(i), citing improper venue as the jurisdictional defect warranting dismissal. (ECF No. 81). In support of her motion, Ms. Stately provides the Court with the dissent of Justice Gorsuch (joined by Justice Thomas) in the Supreme Court's recent denial of certiorari in *Veneno v. United States*, 24-5191 (filed November 10, 2025). *Veneno* posed the question of whether the Court should overrule the landmark case *United States v. Kagama,* which upheld the constitutionality of the Major Crimes Act of 1885 and found that the federal government's plenary power over the internal affairs of Native American Tribes authorized federal jurisdiction over violent crimes committed by

Native American individuals against Native American victims on federally recognized reservation land. 118 U.S. 375 (1886). In denying certiorari, the Supreme Court did not merely reject the reasoning of the dissent—the Court declined to even consider the question posed. Without question, *Kagama* and the Major Crimes Act remain good law. Ms. Stately concedes as much. (ECF No. 81).

Despite this concession, Ms. Stately argues that federal court is the improper venue for the case against her. This claim is without merit. Ms. Stately is an Indian person as defined by federal law. *See* 25 U.S. §1301(4). The Major Crimes Act grants the federal government jurisdiction over the crimes with which Ms. Stately is charged—namely, two counts of premeditated murder, two counts of murder while committing child abuse, one count of murder while committing arson, and one count of arson—each of which occurred on Red Lake Nation. *See* 18 U.S.C. § 1153(a). Accordingly, federal court is not only the *proper* venue for these crimes, but because Red Lake Nation is not subject to Public Law 280 and its Tribal court is a court of limited misdemeanor jurisdiction, federal court is the *only* venue in which Ms. Stately may be tried.

The Court should deny Ms. Stately's Motion to Dismiss.

| | |
|---|---|
| Dated: December 2, 2025 | Respectfully Submitted, |
| | DANIEL N. ROSEN<br>Acting United States Attorney |
| | *s/ Rachel Kraker* |
| | RACHEL KRAKER<br>GARRETT FIELDS |
| | Assistant U.S. Attorneys |