UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 24-118 (JRT/LIB) |
| v. | |
| JENNIFER MARIE STATELY, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| Defendant. | |

---

Jennifer Marie Stately is charged with six counts related to murder, child abuse, and arson. (Second Superseding Indictment, Nov. 4, 2025, Docket No. 79.) Stately moves to dismiss the Indictment in its entirety. (Mot. Dismiss, Nov. 18, 2025, Docket No. 81.) Stately challenges the Court's jurisdiction, relying on Justice Gorsuch's dissent from the United States Supreme Court's recent denial of certiorari in *Veneno v. United States. See Veneno v. United* States, No. 24-5191, 2025 WL 3131791 (2025) (Gorsuch, J., dissenting from denial of certiorari); *United States v. Veneno,* 107 F.4th 1103 (10th Cir. 2024).

The petitioner in *Veneno* asked the Supreme Court to reconsider *United States v. Kagama*, a decision which upheld the validity of the Major Crimes Act and helped establish "the theory that the federal government enjoys 'plenary power' over the internal affairs of Native American Tribes." *Veneno*, 2025 WL 3131791 at *1. The Supreme Court declined to take up *Veneno*, but Justice Gorsuch, joined by Justice Thomas, dissented, stating that he would have granted review. Justice Gorsuch criticized

the "plenary power theory" as "lack[ing] any basis in the Constitution," and stressed that whether the day for the Supreme Court to reconsider *Kagama* "comes sooner or later, it must come." *Id.* at *3. Stately asserts that this Court's jurisdiction over her case "is premised on that now questioned plenary power," and seeks dismissal under the reasoning advanced by Justice Gorsuch. (Mot. Dismiss at 1–2.)

The Court will deny Stately's motion. Justice Gorsuch's dissent from the denial of certiorari does nothing to invalidate controlling Supreme Court jurisprudence relating to the jurisdiction of federal courts over criminal cases arising on tribal land. As the Government states in its opposition memorandum, this Court's jurisdiction over this case is proper under 18 U.S.C. § 1153(a).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Stately's Motion to Dismiss [Docket No. 81] is **DENIED.**

DATED: January 9, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge