UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-118 (JRT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JENNIFER MARIE STATELY,

        Defendant.

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE AND PROPOSED VOIR DIRE**

On January 23, 2026, the defendant, Jennifer Marie Stately, moved this Court to significantly limit the government's trial presentation and to shape the evidence at trial to conform to her theory of defense. First, she suggests that the lesser crimes of manslaughter and involuntary manslaughter should be considered lesser-included crimes presented to the jury. (ECF Doc. 94.) Second, she moves for a "stark limitation of the visual imagery the Government may wish to introduce," specifically moving to exclude autopsy photos of the two victims; photos of the victims as they were discovered at the crime scene; and images of the crime scene itself—the Stately residence. (*Id*.) Finally, the defense proposes an alternative motion to permit the jury to visit Red Lake Nation, framing the struggles of this community as its only defining characteristic. (*Id*.) These requests contravene legal authority and, if granted, would improperly impinge on the government's ability to present its case while potentially laying the foundation for improper appeals to jury nullifcation.

1

They should be denied.

## I. Voluntary and Involuntary Manslaughter are not Lesser Included Offenses of the Crimes Charged.

In her motion in limine, Ms. Stately asserts without explanation or justification that "the jury will be asked to render" a decision on "[w]hether the lesser included offenses of voluntary and involuntary manslaughter are the appropriate level of Ms. Stately's culpability." ECF No. 94 at 1. That is incorrect. Although an instruction of the lesser-included offense of second-degree murder is appropriate, there is no valid basis for including instructions as to voluntary or involuntary manslaughter.

Pursuant to Eighth Circuit precedent, "a defendant is entitled to a lesser-included-offense instruction" only if each of the following five factors is satisfied: "(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of a lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense." *United States v. Dodd*, 473 F.3d 873, 876 (2007). For elements three and four, the Eighth Circuit instructs that although the jury, which has sole responsibility for assessing the

credibility of witnesses, is free "to accept one or more witnesses' testimony only in part and thereby create its own version of the facts," the district court need not give the lesser-included-offense instruction when "there is no basis upon which the jury could rationally find the defendant innocent of the more serious count, but guilty of the lesser count." *United States v. Felix*, 996 F.2d 203, 207 (8th Cir. 1993); *see also United States v. Rainbow*, 813 F.3d 1097 (2016) (affirming denial of lesser-included-offense instruction of "simple assault" for case involving charge of "assault with a dangerous weapon" because "the jury could not rationally find" that the defendant committed the lesser offense but not the greater offense).

Ms. Stately stands charged with five counts of first-degree murder: (1) Count 1—premeditated murder as to Minor A; (2) Count 2—premeditated murder as to Minor B; (3) Count 3—murder in the course of committing child abuse as to Minor A; (4) Count 4—murder in the course of committing child abuse as to Minor B; (5) Count 5—murder in the course of committing child abuse as to Minor B. Consistent with the guidance from the Eighth Circuit, the government has requested an instruction for the lesser-included offense of murder in the second degree, as the elements of the lesser offense are identical to, and fully included in, the elements of the major offense:

| First-Degree Murder | Second-Degree Murder |
|---|---|
| The defendant unlawfully killed the victim | The defendant unlawfully killed the victim |
| The defendant committed the unlawful killing with malice aforethought | The defendant committed the unlawful killing with malice aforethought |
| The killing was premeditated or in the course of committing child abuse or arson | |
| The killing occurred within the exterior boundaries of the Red Lake Indian Reservation | The killing occurred within the exterior boundaries of the Red Lake Indian Reservation |
| The defendant is an Indian, as defined by federal law | The defendant is an Indian, as defined by federal law |

Ms. Stately has not requested the instruction of the direct lesser-included offense of second-degree murder but instead asks this Court to include instructions for voluntary and involuntary manslaughter. Although the Eighth Circuit Model Jury Instructions note that "[v]oluntary manslaughter *can* be a less-included offense to a charge of first-degree or second-degree murder," Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.18.1112A, Committee Comments (emphasis added),[1] such an instruction would be inappropriate here.

The key element differentiating voluntary manslaughter from first and second-degree murder concerns the level of culpability when committing the

---

[1] Per the Model Jury Instructions, "involuntary manslaughter can be a lesser-included offense to a charge of voluntary manslaughter." Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.18.1112A, Committee Comments. Ms. Stately has not been charged with the crime of voluntary manslaughter.

4

unlawful killing: whereas first and second-degree murder require a finding of "malice aforethought," voluntary manslaughter requires proof that the defendant acted "in the heat of passion" or "upon sudden quarrel" that was "caused by adequate provocation." *Compare* Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.18.1111A *with* § 6.18.1112A. Absent testimony from Ms. Stately laying some factual predicate for a "heat of passion" or "sudden quarrel" caused by "adequate provocation" defense, there will be "no basis upon which the jury could rationally find the defendant innocent of the more serious count, but guilty of the lesser count." *Felix*, 996 F.2d at 207.

As addressed in the government's motion in limine, the defense cannot offer or refer in any way to Ms. Stately's self-serving hearsay statements at trial in the presence of the jury—either during jury addresses or cross-examination of government witnesses. *See* ECF No. 100 at 3–4 (*citing United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005)). And if the defense seeks to offer testimony of Ms. Stately's statements to the defense's hired forensic psychologist, Dr. Jennifer Service, regarding the killing of her children, such testimony should be preceded by a limiting instruction that directs the jury to consider such testimony only for the purpose of determining whether Ms. Stately has met her burden of establishing, by clear and convincing evidence, the affirmative defense of insanity. *See* ECF No. 104 at 27. Such testimony cannot be offered to support a verdict of "not guilty." *See United States v.*

5

*Smith*, ___ F. Supp. 3d ___, 2025 WL 2802860, at *16 (S.D.N.Y. Oct. 2, 2025) ("The IDRA permits defendants to offer mental-health evidence for limited purposes. They may pursue the affirmative defense of insanity."); *United States v. Davis*, 93 F.3d 1286, 1295 n.8 (6th Cir. 1996) (explaining that "court-ordered [mental-health] examinations regarding insanity have generally been found not to violate the Fifth Amendment," though the "result of the examination can only be used to rebut defendant's expert evidence" and "cannot be used against the defendant in the government's case-in-chief.") (*citing Estelle v. Smith*, 451 U.S. 454, 465 (1990)).  Put differently, the defense cannot offer such self-serving hearsay testimony through a mental-health expert to argue that Ms. Stately, in killing her children, lacked "malice aforethought" and instead acted "in the heat of passion" or "upon a sudden quarrel."

Accordingly, if the jury does not find Ms. Stately "guilty by reason of insanity" and Ms. Stately does not testify in her own defense, the determination of guilt will be based solely on the evidence in the government's case-in-chief—lay witness testimony establishing that on the day of the murders, Ms. Stately was home alone with her boys, with no one else coming or going from the house; forensic evidence confirming Ms. Stately's DNA in the blood found on the lighter fluid and gas can at the house; Victim A's DNA found in the blood on Ms. Stately's shirt; medical examiner testimony regarding the

cause and manner of death as well as the egregious physical abuse Ms. Stately inflicted on the victims prior to killing them; expert testimony on the origin and cause of the fire and use of accelerants on both the furniture and the victims' clothing. Considering the evidence and anticipated testimony noticed to the Court through the parties' pretrial filings, no jury "could rationally find the defendant innocent of the more serious count" of first or second-degree murder, "but guilty of the lesser count" of voluntary manslaughter. *Felix*, 996 F.2d at 207.

Ms. Stately is therefore not entitled to instructions on the lesser-included offenses of voluntary or involuntary manslaughter.[2]

## II. Admission of the Autopsy Photos and Crime Scene Photos is Proper and Material to the Government's Case.

As set forth above, Jennifer Stately is charged with six separate crimes, each comprised of multiple elements the government must prove beyond a reasonable doubt. Ms. Stately has not admitted guilt to any crime, and she has declined to stipulate to any elements or any foundational agreements that

---

[2] Absent an instruction for the lesser-included offense of voluntary manslaughter, there is no basis for instructing the jury on the progressively lesser charge of involuntary manslaughter. The committee comments to the Eighth Circuit model instructions note that "involuntary manslaughter can be a lesser-included offense to a charge of voluntary manslaughter." Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.18.1112A, Committee Comments. Ms. Stately has not identified, and the government is not aware of, any case in which a court, when considering solely a charge of first-degree murder, issued an instruction on the lesser-lesser charge of involuntary manslaughter after declining to issue an instruction on the intervening count of voluntary manslaughter.

7

would streamline the government's proof. Accordingly, each and every element of each and every crime is in dispute. To prove these crimes, the government must offer evidence, and when the crimes themselves are heinous, so too is the proof. Under Federal Rule of Evidence 403, "relevant photographs of a victim should be admitted unless [they are] 'so gruesome or inflammatory that [their] prejudicial impact substantially outweighs [their] probative value.'" *United States v. Davidson,* 122 F.3d 531, 538 (8th Cir.1997) (quoting *United States v. Petary,* 857 F.2d 458, 463 (8th Cir.1998)). But evidence is excludable only if it is "unfairly" prejudicial. "Unfair prejudice means an undue tendency to suggest decision on an improper basis, including evidence which is so inflammatory on its face as to divert the jury's attention from the material issues in the trial." *United States v. Richardson*, 40 F.4th 858, 867 (8th Cir. 2022) (*quoting United States v. Huyck*, 849 F.3d 432, 440 (8th Cir. 2017)). The evidence Defendant seeks to limit here does not divert the jury's attention from the material issues in the trial—it *establishes* the material issues.

    A.    *Autopsy Photos*

Ms. Stately is charged with one count of first-degree murder in the course of committing child abuse as to each Minor Victim. The government must establish not only that Jennifer Stately caused each boy's death but that she did so while committing child abuse. The proof of her acts is on display in the

injuries she inflicted upon these boys. The autopsy images, while no doubt difficult to view, are highly probative of the abuse she inflicted in the course of ending each boy's life.  The images also corroborate other evidence in the case that not only establishes Ms. Stately as the assailant but also cast doubt on whether she was legally insane at the time she committed the acts. The autopsy photos establish that in addition to a stab wounds, Minor A sustained numerous blunt force injuries to nearly every plane of his body and that his back was covered in patterned injuries reflecting scores of separately inflicted but similarly situated points of impact.  If it is difficult to conjure an image of exactly what the government explains here, that is because words alone cannot properly convey the injuries Minor A sustained. Photos of these injuries documented at autopsy do just that.[3] Similarly, the injuries documented on Minor B's body—including a black eye, multiple lacerations, amputated fingers, and stab wounds—establish that he was a victim of child abuse before he succumbed to the smoke inhalation that ultimately caused his death. Where autopsy photographs are relevant and used as aids to explain the nature and extent of a victim's injuries as well as the cause of death, they are probative and properly admitted without the risk of unfair prejudice—even

---

[3] The government asked the Medical Examiner whether she had considered using a diagram to document injuries noted at autopsy in addition to the photos and descriptions in the report. She indicated she does not find diagrams capture the nature and extent of the injuries she sees at autopsy, especially in cases involving extensive injuries as is the case with Minor A. Her opinion is that the best evidence of the injuries is the photos themselves.

when objectively graphic. *See United States v. Greatwalker*, 356 F.3d 908, 912-913 (8th Cir 2004); *United States v. Ingle*, 157 F.3d 1147, 1153 (8th Cir. 1998).

To ensure compliance with Fed. R. Evid. 403 and prevailing caselaw, and to limit any risk of unfair prejudice, the government has limited its autopsy photo presentation to only those photos that aid in the medical examiner's testimony and which display documented injuries and findings related to the cause of death. The photo presentation contains only a fraction of the total number of photos taken at autopsy and excludes photos of the internal examination entirely. Finally, it is the government's intention to only display these photos to the jury during the Medical Examiner's testimony and to refrain from including them in any closing argument presentation. Ms. Stately's motion in limine to preclude the presentation of autopsy photographs should be denied.

### B.   *Photos of Minor A and Minor B at the Crime Scene*

Minor A and Minor B were located inside their burning home in a corner of Jennifer Stately's bedroom. The position of their bodies at the time they were found is probative of a number of facts, not the least of which being that they died in a room separate from the other areas of the home where blood, potential ligatures, and bloody duct tape with Minor A's DNA were located. The government intends to show a short video clip of the Stately home which includes footage of the boys as they were found. The government intends to

also introduce a limited number of photographs of the boys' bodies at the scene. This evidence is probative, and it corroborates other evidence and testimony that establish the elements of the crimes with which Ms. Stately has been charged. The evidence is also inconsistent with the version of events Ms. Stately recounted during her competency evaluations. While the government reiterates that her statements in those evaluations cannot and will not be offered as evidence of her guilt, the inconsistencies between those statements and the evidence admitted at trial must be considered by the jury when evaluating whether the Defense has met its burden of establishing by clear and convincing evidence that Ms. Stately was insane at the time she committed these acts.

The video of the Stately home, to include the limited footage of the Victims' bodies, and the limited still photos of the Victims' bodies is more probative than unfairly prejudicial and should be admitted at trial. *See United States v. Simpson*, 44 F.4th 1093, 1098 (8th Cir. 2022) (holding that the admission of video footage of the murder scene as well as gruesome photographs of the decedent's body as it was found was properly admitted because it corroborated testimony by officers about the location and state of the decedent's body when it was discovered, tended to show the cause of death, and aided the medical examiner's testimony concerning the timing and nature of the decedent's injuries.)

### C.   *Photos of the Stately Home*

In addition to being charged with several counts of murder, Ms. Stately is charged with arson. The evidence of how and where the fires in Ms. Stately's home were started is material and relevant to the arson charge as well as to the charges of premeditated first-degree murder. The photos of the fire damage, the locations of origin, and the excluded alternative origination points (i.e., electrical outlets) are all evidence that was considered by the Certified Fire Investigators in this case. The photos will aid them in their testimony and will aid the jury in determining whether the government has met its burden in proving the charged crimes. Additionally, photos of the Stately home provide material evidence as to the child abuse-related charges. Crime scene photos reveal blood in multiple locations in the home as well as what could be interpreted as concealment of potential evidence. These photos will aid the BCA crime scene analyst in explaining the steps she took in this investigation and set the stage for forensic testing results that were obtained from the evidence collected from the scene.

The government contends that the bodies of the victims in this case and the scene Ms. Stately left behind tell a much different story about what occurred at her home than the version Ms. Stately wants this jury to consider. There can be no doubt that much of the evidence in this case will be extremely difficult to view and to hear. But limiting the evidence to conform to the

12

Defendant's theory of the case carries a risk of harm far greater than trauma to jurors—it risks keeping material evidence from the jury that is critical to their ultimate determination of whether Ms. Stately committed these crimes, and if so, whether she did so because she was legally insane. Justice demands a fair trial for Ms. Stately but not one that is so sanitized that it shields her and the jury from the reality of her actions.

### III.  Jury Nullification

It is not proper to encourage jurors to disregard the law. *See United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) ("To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos."). A jury's duty is to apply the law to the facts. *United States v. Scout*, 112 F.3d 955, 961 (8th Cir. 1997). Although a jury has the power to find a defendant not guilty for any reason, the defendant has no right to incite nor encourage jury nullification. *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997). Consequently, an argument or evidence encouraging jury nullification lacks any relevance or probative value and is contrary to the instructions the Court will provide to the jury. The defendant has "no right to present irrelevant evidence, confuse or mislead the jury, or encourage the jury to disregard the Court's instructions as to the law." *United States v. Mayer*, No. 19-cr-96 (WMW/JHB, 2021 WL 2434121, at *5 (D. Minn. June 15, 2021).

The United States is concerned, based on Defendant's motions and proposed voir dire, that Counsel may attempt to interject his own personal interpretation of the "hopelessness" of the people of Red Lake and that he may attempt to influence the jury with suggestions of potential mental illnesses that Ms. Stately could have been operating under—namely, post-partum psychosis. "Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty." *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998). Permitting the defense to belabor social struggles that impact the Red Lake community and suggest that anyone who grows up in such a place cannot be held to the same standard of culpability as someone free from such trauma attempts to influence the jury by "appealing to the sympathies, passions or prejudices of the jury." *United States v. Dunn*, No. 19-CR-268 (MJD/BRT), 2021 WL 2143054, at *2 (D. Minn. May 26, 2021) (quoting *United States v Raplinger*, No. 05-CR-49 LRR, 2006 WL 2710653, at *1-2 (N.D. Iowa Sept. 20, 2006)). The same is true for interjecting diagnoses like post-partum psychosis that stir up strong feelings and assumptions about competency based on a number of high-profile news cases in recent years as well as the past. No mental health professional has diagnosed Ms. Stately with post-partum psychosis. Her attorney should not be permitted to do so now.

The evidence that will be admitted into the record at trial will be heart-wrenching, but the rule of law must remain at the core of the proceedings. The

14

government will only argue the facts and law that apply to this case and respectfully requests that this Court extend the same expectation to Defendant.

## CONCLUSION

For the foregoing reasons, the Government requests that the Court rule on the Government's responses to Defendant's motions in limine as requested above.

Dated: January 28, 2026                     Respectfully Submitted,

                                            DANIEL N. ROSEN
                                            United States Attorney

                                            *s/ Rachel L. Kraker*
                                     BY:    RACHEL L. KRAKER
                                            GARRETT S. FIELDS
                                            Assistant United States Attorneys