UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 24-118(JRT/LIB)

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S RESPONSE TO** |
| vs. ) | **THE GOVERNMENT'S MOTIONS** |
| ) | **IN LIMINE** |
| Jennifer Marie Stately, ) | |
| ) | |
| Defendant. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The defendant, Jennifer Marie Stately, through and by her attorney, Paul Engh, hereby responds to the Government's Consolidated Motions in Limine.

Several of the motions are not contested.

1. The Government is permitted to recall a witness if need be. Motion 1.

2. Ms. Stately's statements at the Todd County jail have been litigated and are deemed admissible. We note our continued constitutional objection. Motion 3.

3. With respect to Motion 4, the defense is permitted to introduce character evidence per Rule 405, Fed.R.Evid., and habit per Rule 406. We may offer evidence of Ms. Stately's reputation for the love and care of her children and for being law-abiding, both methods of proving character admissible. See, e.g., State v. Posten, 302 N.W.2d 638, 642 (Minn. 1981)(love and care of children); see also

1

<u>United States v. Munoz</u>, 11-CR-167 (JRT) (instruction 9, permitting the jury to consider the defendant's character for being law-abiding, and citing <u>Poston</u>).

    3.  Ms. Stately's statements made of purposes of medical treatment are admissible.  Motion 5.  We've yet to view the specific exhibit to be presented, nor has this Court.  The rule of completeness may well require a fulsome presentation. Rule 106, Fed.R.Evid.  The Court is being asked to rule in the abstract.  Thus withholding a similar ruling with respect to Motion 2 is appropriate.  Before accepting the Government's claims of self-serving hearsay, the Court should consider the context, what was and what was not said, and whether, again, the Rule of completeness will apply.

    4.  Both experts are constrained by Rule 704 (b).  Motion 6.

    5.  We agree to sequestration, save the experts on both sides.  Motion 7.

Finally, the Government's recent consolidated response to our Motions In Limine, Docket 106, spends pages on the question of whether the jury should be allowed to consider the lesser included offenses of voluntary and involuntary manslaughter.  Our instructions contained detailed citations the Government has chosen not to address.

Dated:  January 29, 2026                     Respectfully submitted,


                                                                        */s/ Paul Engh*
PAUL ENGH
Suite 260
2860 South Fifth Street
Minneapolis, MN  55402
(612) 252-1100
Attorney Reg. No. 134685

Attorney for Ms. Stately

3