UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
24-CR-118(JRT/LIB)

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S OBJECTION TO** |
| vs. ) | **GOVERNMENT'S PROPOSED** |
| ) | **INSTRUCTION 13** |
| Jennifer Marie Stately, ) | |
| ) | |
| Defendant. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The evidence concerning insanity and guilt is overlapping, indeed inseparable. The Government's case-in-chief evidence will be described by both experts. We anticipate cross examination of those experts with respect to the crime scene and Ms. Stately's before and after conduct. The experts, under Rule 702, Fed.R.Evid., have wide latitude to describe the basis of their findings, including reference to the testimony and exhibits.

Ms. Stately thus objects to the Government's proposed instruction 13, Docket Entry 104, at p. 27, which proposes, in part, that:

> You are about to hear testimony from psychologists who have conducted mental health examinations of the defendant, Ms. Stately. You may consider the mental health evidence for the limited purpose of determining whether Ms. Stately has met her burden of establishing, by clear and convincing evidence, the affirmative defense of insanity. You may not consider this evidence for any other purpose. You should give it the weight and value you believe it is entitled to receive.

1

Dr. Service is not a psychologist, for starters. But the essential problem with the instruction is that it asks the jury to ignore certain facts that now cannot be. The experts were not so constrained in their consideration, nor should be the jury in what is a non-bifurcated trial.

The Government's citations in support of this instruction are not helpful. Eighth Circuit instruction 2.08 concerns the standard Rule 404 caution. Instruction 1.03 concerns how the jury should evaluate the statements of counsel, objections, and evidence received for a "limited purpose," but does not address the nuances of an insanity trial.

Also cited in the proposed instruction is United States v. Davis, 93 F.3d 1286, 1288 (6th Cir. 1996), a case which concerned the inapposite issue of whether a defendant could be ordered to undergo a non-custodial examination for his competency. And United States v. Smith, ___ F. Supp. 3d. ___, 2025 WL 2802860 at * 16 (S.D.N.Y. Oct. 2, 2025) addressed the question of whether the defense expert witness could testify with respect to an autism diagnosis. Specifically whether that diagnosis affected the defendant's response to a law enforcement interview. Smith held only that the expert's testimony lacked Daubert reliability.

In its trial brief, the Government has cited Murphy v. State of Florida, 363 F.Supp. 1224 (1973), which observed that "[a] separate trial on the issue of insanity is not required by the Constitution and a state or court may validly

consider its purposes better served by resolution on the issues of guilt and sanity in a single trial." (citing Spencer v. Texas, 385 U.S. 554 (1967)).   The questions of Ms. Stately's guilt and the degree thereof, and insanity, are now joined.

Dated: February 20, 2026               Respectfully submitted,

                                       /s/ Paul Engh
                                       PAUL ENGH
                                       Suite 260
                                       2860 South Fifth Street
                                       Minneapolis, MN 55402
                                       (612) 252-1100

                                       Attorney for Ms. Stately